UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISON

ZEANDREW STAMPS and
DERRICK ARNETT, on behalf of
themselves and on behalf of all others
similarly situated,

    Plaintiffs,                         Case No.:

v.

LAKELAND CHOPHOUSE, LLC d/b/a
MANNY'S ORIGINAL CHOPHOUSE and
EMMANUEL NIKOLAIDIS, an individual,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, ZEANDREW STAMPS and DERRICK ARNETT ("Plaintiffs"), by and through undersigned counsel, on behalf of themselves and on behalf of all others similarly situated, bring this action against Defendants, LAKELAND CHOPHOUSE, LLC d/b/a MANNY'S ORIGINAL CHOPHOUSE ("MANNY'S ORIGINAL CHOPHOUSE") and EMMANUEL NIKOLAIDIS, in his individual capacity ("Defendants"), and in support of their claims state as follows:

## JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for failure to pay a minimum wage, failure to pay overtime wages under 29 U.S.C. § 215(a)(3), and unpaid wages. This Complaint is filed as a collective action under 29 U.S.C. § 216(b) and a class action under Federal Rule of Civil Procedure 23.

2. Venue lies within this Judicial District because events giving rise to this claim arose in this Judicial District at the time the lawsuit was commenced. Defendant MANNYS ORIGINAL CHOPHOUSE is a corporation authorized and doing business in this Judicial District.

## PARTIES

3. Plaintiffs are residents of Polk County, Florida.

4. Plaintiffs were employed by Defendants from September 2013 to April 2016.

5. Defendants operate several restaurants in Polk County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiffs have satisfied all conditions precedent, or they have been waived.

7. Plaintiffs have hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiffs request a jury trial for all issues so triable.

9. At all times material hereto, Plaintiffs and the similarly situated employees were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such were subject to the individual coverage of the FLSA.

10. Plaintiffs handle and sell goods that have been moved in or been produced for commerce. 29 U.S.C. § 203(s)(1).

11. At all times material hereto, Plaintiffs and the similarly situated employees were "employees" of Defendants within the meaning of the FLSA.

12. At all times material hereto, Defendant MANNY'S ORIGINAL CHOPHOUSE was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

13. Defendant MANNY'S ORIGINAL CHOPHOUSE continues to be an "employer" within the meaning of the FLSA.

14. At all times material hereto, Defendant MANNY'S ORIGINAL CHOPHOUSE was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

15. At all times relevant to this action, Defendant MANNY'S ORIGINAL CHOPHOUSE engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

16. At all times relevant to this action, the annual gross sales volume of Defendant MANNY'S ORIGINAL CHOPHOUSE exceeded $500,000 per year.

17. Defendant EMMANUEL NIKOLAIDIS is the owner of MANNY'S ORIGINAL CHOPHOUSE.

18. As part of his duties, Defendant EMMANUEL NIKOLAIDIS supervised Plaintiffs, and exercised control over the wages, hours, and working conditions of Plaintiffs and the similarly situated employees. Defendant EMMANUEL NIKOLAIDIS also controlled the payroll practices of MANNY'S ORIGINAL CHOPHOUSE.

19. Through the exercise of dominion and control over all employee-related matters at MANNY'S ORIGINAL CHOPHOUSE, in his individual capacity EMMANUEL NIKOLAIDIS is also an "employer" within the meaning of the FLSA.

20. At all times material hereto, the work performed by Plaintiffs and the similarly situated employees was directly essential to the business performed by Defendant.

# FACTS

21. Defendants employed Plaintiff ZEANDREW STAMPS as a server from July 2014 to December 2015.

22. Defendants employed Plaintiff DERRICK ARNETT as a server and bartender from September 2013 to April 2016.

23. At all times material hereto, Plaintiffs and the similarly situated employees worked hours at the direction of Defendant, and they were not paid at least the applicable minimum wage for all of the hours that they worked.

24. Specifically, Defendants have been taking advantage of a tip credit which allows Defendants to include in their calculation of wages a portion of the amounts employees receive in tips.

25. Defendants did not provide proper notice proper notice of its intent to utilize a "tip credit."

26. Defendants required Plaintiffs and the similarly situated employees to "tip out" a portion of their tip each shift to a tip pool controlled by Defendant.

27. Defendants required Plaintiffs and the similarly situated employees to make "tip out" payments to the expeditors, who do not customarily and usually receive tips.

28. The expeditors worked in Defendants' kitchen, did not run food to tables, and had no customer contact.

29. Defendants required the class to participate in an illegal and mandatory tip pool (or tip sharing arrangement) which Defendants distributed to individuals who are not considered "customarily and regularly tipped employees." Therefore, Defendants forfeited their right to claim a tip credit adjustment to minimum wage obligations for each hour Plaintiffs worked in the last three years.

30. At various times material hereto, Plaintiffs and the similarly situated employees worked hours in excess of forty (40) hours within a work week for Defendants, and they were entitled to be paid an overtime premium equal to one and one-half times their regular hourly rate for all of these hours.

31. Defendants required Plaintiffs and the similarly situated employees to work for Defendants off the clock.

32. Plaintiffs and the similarly situated employees did not receive minimum wage or overtime due for hours worked over 40 hours and were not compensated in accordance with the FLSA for hours worked over 40.

33. By failing to accurately record all of the hours worked by Plaintiffs and the similarly situated employees, Defendants have failed to make, keep, and preserve records with respect to each of its employees in a manner sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA. *See* 29 C.F.R. § 516.2

34. Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

35. Plaintiffs bring this case as an "opt-in" collective action on behalf of similarly situated employees of Defendants pursuant to 29 U.S.C. § 216(b). The similarly situated employees are tipped employees, including servers and bartenders.

36. Plaintiffs ZEANDREW STAMPS and DERRICK ARNETT, on behalf of themselves and all similarly situated employees, seek relief on a collective basis challenging Defendants' illegal tip pooling and overtime payment policy and practice.

37. Therefore, notice is properly sent to: "All tipped employees of Manny's Original Chophouse who were required to contribute a portion of their tips to employees who were not customarily and regularly tipped employees, and/or who worked off the clock, and/or who worked more than 40 hours per week during the three years preceding the filing of this Complaint."

38. The total number and identities of the similarly situated employees may be determined from the records of Defendants and may easily and quickly be notified of the pendency of this action.

39. Plaintiffs are representative of similarly situated employees because they have been required to participate in an illegal tip pooling scheme and have been unlawfully denied payment of minimum wage and overtime.

40. Plaintiffs' experience with Defendants' payroll practices is typical of the experiences of the similarly situated employees.

41. Specific job titles or job duties of Plaintiffs and the similarly situated employees do not prevent collective treatment.

42. Plaintiffs and the similarly situated employees, irrespective of their particular job duties, are entitled to the difference between the "tip credit" and the minimum wage for all hours worked.

43. Plaintiffs and the similarly situated employees, irrespective of their particular job duties, are entitled to compensation for all hours worked, including hours worked over 40 for which they only received tips, in accordance with the FLSA.

44. Although the issues of damages can be individual in character, there remains a common nucleus of operative facts concerning Defendants' liability under the FLSA in this case.

## RULE 23 CLASS ACTION ALLEGATIONS

45. Plaintiffs assert their Rule 23 class claim on behalf of the Putative Class defined as follows:

**UNPAID WAGES RULE 23 CLASS: All persons employed by Defendant Manny's Original Chophouse, who were denied compensation for work performed within four years of the filing of this complaint through the date of final judgment in this action.**

46. Plaintiffs are and have been members of the Putative Unpaid Wages Class ("Putative Rule 23 Class") described herein.

47. The number of persons in the Putative Rule 23 Class herein is so numerous that joinder of all such persons would be impracticable. While the exact number and identities of all such persons are unknown to Plaintiffs at this time and can only be obtained through appropriate discovery, Plaintiffs are informed and believe, and on that basis allege, that the Putative Rule 23 Class herein include over 100 persons.

7

48. Disposition of Plaintiffs' claims in a class action will benefit all parties and the Court.

49. There is a well-defined community of interest presented by the Putative Rule 23 Class herein in that, among other things, each member of the Putative Rule 23 Class has an interest in collecting unpaid wages, obtaining other appropriate legal relief for the harm of which Plaintiffs complain, and obtaining other adequate compensation for the common damages which Plaintiffs and all other persons similarly situated have suffered as a result of Defendants' actions.

50. Each Class Member herein has performed work for Defendants at Defendants' request at some time during the Class Period, and were denied all wages earned because of the willful withholding of compensation by Defendants.

51. A class action in this case is superior to any other available method for the fair and efficient adjudication of the claims presented herein.

52. The prosecution of separate actions by individual members of the Putative Rule 23 Class herein would create a risk of inconsistent and/or varying adjudications with respect to individual members of the Putative Rule 23 Class which would or may establish incompatible standards of conduct for Defendants and which would also create a risk of adjudications with respect to individual members of the Putative Rule 23 Class herein which would, as a practical matter, be dispositive of the interests of other members of the Putative Rule 23 Class not parties to the particular individual adjudications, and/or would or may substantially impede or impair the ability of those other members to protect their interests.

53. Common questions of law and fact exist in this case with respect to the Putative Rule 23 Class which predominate over any questions affecting only individual members of the Class and which do not vary between members thereof.

54. At some time during the Class Period, all of the individuals in the Putative Rule 23 Class herein have been employed by Defendants and were denied wages for all hours worked, as described more fully herein.

55. The claims of the named Plaintiffs in this case are typical of those of the other Class Members which they seek to represent, in that, among other things, Plaintiffs and each other Class Member have sustained damages and are facing irreparable harm because of, and arising out of, a common course of conduct engaged in by Defendants as complained of herein.

56. The claims of the named Plaintiffs herein are coincident with, and not antagonistic to, the claims of other Class Members which the named Plaintiffs seek to represent.

57. The named Plaintiffs herein will fairly and adequately represent and protect the interests of the members of the Putative Class which they seek to represent. Plaintiffs do not have any interests which are antagonistic to the interests of the Putative Class herein.

58. Counsel for Plaintiffs are experienced, qualified and generally able to conduct complex class action legislation.

59. The relief sought in this action is necessary to restore to members of the Putative Class the money and property which the Defendants have illegally acquired through the unlawful treatment of each Class Member as described herein.

60. Plaintiffs intend to send notice to all members of the Putative Class to the extent required by Fed. R. Civ. P. 23. The names and addresses of the Putative Class members are available from Defendant's records.

## COUNT I – FLSA MINIMUM WAGE VIOLATION

61. Plaintiffs reallege and readopt the allegations of paragraphs 1 through 60 of this Complaint as though fully set forth herein.

62. Defendants' policy and practice of requiring its tipped employees to tip out employees who do not customarily and regularly receive tips, violates the FLSA. 29 U.S.C. § 203(m).

63. Defendants' policy and practice by which it fails to inform tipped employees of the provisions of 29 U.S.C. § 2013(m) violates the FLSA.

64. During the statutory period Defendants violated the tip credit exception to the minimum wage provisions of the FLSA. Accordingly, Defendants are not permitted to take a tip credit.

65. Defendants knew or should have known that its policies and practices relating to tip pooling violates the FLSA.

66. Defendants have not made a good faith effort to comply with the FLSA.

67. Rather, Defendants have knowingly, willfully, and/or with reckless disregard, carried out, and continues to carry out its illegal tip-pooling practices.

68. Plaintiffs and the similarly situated employees are entitled to the difference between the wage received by them from Defendants and the applicable minimum wage for all hours worked, in addition to the amount they were required to tip-out to Defendants' employees who are not customarily tipped.

69. Defendants also failed and refused to pay Plaintiffs minimum wage for all the work that Plaintiffs performed for Defendants, including work that Defendants required Plaintiffs to do off the clock.

70. The similarly situated employees were all tipped employees employed by Defendants, were compensated in the same manner, and were all subject to Defendants' common policy and practice of working off the clock, in violation of the FLSA.

71. In addition, Plaintiffs' and the similarly situated employees are entitled to an amount equal to their unpaid wages as liquidated damages, as well as reasonable attorney's fees and costs of this action. 29 U.S.C. § 216(b).

72. As a result of the foregoing, Plaintiffs and similarly situated individuals have suffered damages.

**WHEREFORE**, Plaintiffs demand:

    a) Judgment against Defendants for an amount equal to Plaintiffs unpaid back wages;

    b) Judgment against Defendants that its violations of the FLSA were willful;

    c) An equal amount to the overtime damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) All costs and attorney's fees incurred in prosecuting these claims; and

f) For such further relief as the Court deems just and equitable.

## COUNT II – FLSA OVERTIME VIOLATIONS

73. Plaintiffs reallege and readopt the allegations of paragraphs 1 through 60 of this Complaint as though fully set forth herein.

74. During the statutory period, Plaintiffs and similarly situated individuals worked overtime hours while employed by Defendants and were not compensated for these hours in accordance with the FLSA.

75. The actions of Defendants as set forth above in failing to pay overtime to Plaintiffs constitutes a violation of the FLSA, 29 U.S.C. § 207.

76. Defendants knew or should have known that their policies and practices relating to tip pooling violates the FLSA.

77. Defendants have not made a good faith effort to comply with the FLSA.

78. Rather, Defendants have knowingly, willfully, and/or with reckless disregard, carried out, and continues to carry out its illegal tip-pooling practices.

79. As a result of the foregoing, Plaintiffs and similarly situated employees have suffered damages.

**WHEREFORE**, Plaintiffs demand:

a) Judgment against Defendants for an amount equal to Plaintiffs unpaid back wages at the applicable overtime rate;

b) Judgment against Defendants that its violations of the FLSA were willful;

c) An equal amount to the overtime damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) All costs and attorney's fees incurred in prosecuting these claims; and

f) For such further relief as the Court deems just and equitable.

## COUNT III – UNPAID WAGES UNDER FLORIDA COMMON LAW CLASS ACTION CLAIM

80. Plaintiffs reallege and readopt the allegations of paragraphs 1 through 60 of this Complaint as though fully set forth herein.

81. During the statutory period, Plaintiffs and similarly situated individuals worked for Defendant Manny's Original Chophouse, and Defendant Manny's Original Chophouse agreed to pay them for their services.

82. Defendant Manny's Original Chophouse failed to pay Plaintiffs and similarly situated individuals all "wages" owed to them, including wages for work that Defendant Manny's Original Chophouse required them to complete off the clock.

83. As a result of the foregoing, Plaintiffs and similarly situated individuals have suffered damages.

**WHEREFORE**, Plaintiffs demand:

a) A jury trial on all issues so triable;

b) That process issue, and that this Court take jurisdiction over the case;

c) Judgment against Defendant Manny's Original Chophouse for an

amount equal to Plaintiff's' unpaid back wages;

d) All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. § 448.08;

e) For such further relief as this Court deems just.

## JURY TRIAL DEMAND

Plaintiffs demand trial by jury as to all issues so triable.

Dated this _____ day of January, 2017.

Respectfully submitted,

*[signature]*

**MATTHEW K. FENTON**
Florida Bar Number: 0002089
Direct Dial: 813-223-6413
**BRANDON J. HILL**
Florida Bar Number: 37061
Direct No.: 813-337-7992
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
E-Mail: mfenton@wfclaw.com
E-Mail: bhill@wfclaw.com
E-Mail: tsoriano@wfclaw.com
E-Mail: mk@wfclaw.com
**Attorneys for Plaintiffs**